JOHN JOSEPH MARTIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martin v. Commissioner
Docket No. 23257-83.
United States Tax Court
T.C. Memo 1986-9; 1986 Tax Ct. Memo LEXIS 597; 51 T.C.M. (CCH) 251; T.C.M. (RIA) 86009; January 9, 1986. John Joseph Martin, pro se. Randall E. Health, for the respondent. PAJAK
MEMORANDUM FINDINGS OF FACT AND OPINION PAJAK, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) of the Internal Revenue Code and Rule 180, et seq. [1] for the purpose of considering and ruling on respondent's Motion for Judgment on the Pleadings filed pursuant to *598 Rules 38 and 120 on May 14, 1984. Respondent determined a deficiency in petitioner's 1979 Federal income tax in the amount of $2,508, and additions to tax under sections 6651(a), 6653(a), and 6654 in the amounts of $583, $103, and $95, respectively. Respondent also requested that the Court award damages to the United States pursuant to section 6673. At the time of filing his petition, petitioner resided in Portland, Oregon. Petitioner's petition, contrary to Rule 34(b), contains no clear and concise assignments of error alleged to have been committed by respondent nor does it set forth any allegations of justiciable facts with respect to assignments of errors. On December 2, 1983, [2] respondent filed his Answer in which he alleged the above mentioned deficiency and additions to tax. He further alleged as follows: 5. FURTHER ANSWERING the petition, and in support of the respondent's request that the Court award damages to the United States pursuant to section 6673 of the Internal Revenue Code *599 of 1954, the respondent alleges the following: a) During 1979 the petitioner received W-2 wage income from the following employers in the following amounts: Employer
Amount Earned
Marine Ways
$ 487.56
Dix Corporation
2,504.36
Northwest Marine Iron Work
9,454.84
Harder Mechanical Contractors
515.06
Interlake Inc.
2,676.69
Total Wages
$15,638.51
b) The employers issued forms W-2 to the petitioner indicating the amount of income received by him. c) Petitioner failed to file a valid income tax return for the taxable year 1979. d) Respondent issued to petitioner a statutory notice of deficiency for the year 1979 asserting a deficiency in petitioner's income tax based solely on the wages received by petitioner and reported on the W-2 forms issued to him. e) Petitioner filed on August 5, 1983 [3] a petition to the United States Tax Court in which he alleged no justiciable errors in the respondent's determination nor did he allege any facts upon which to base any assignments of error. f) The petitioner has made no allegations or claims upon which relief can be granted. g) The petitioner has instituted and maintained the instant proceedings primarily *600 for delay and the petitioner's position in these proceedings in frivolous and groundless. On October 21, 1983, respondent informed petitioner by letter that unless petitioner filed a reply to respondent's answer within the time period set forth in Rule 37, respondent would move to have the affirmative allegations set forth in his answer deemed admitted. Despite these admonitions, petitioner failed to file a reply. On February 6, 1984, respondent moved for entry of an order that the undenied allegations in the answer be deemed admitted pursuant to Rule 37(c). Notice of that motion was served on petitioner on February 9, 1984 and he was given until March 1, 1984 to file a reply as required by Rule 37(a) and (b). Petitioner failed to file a reply. On March 9, 1984, the Court entered an order which granted respondent's motion and deemed admitted the affirmative allegations of fact set forth in paragraphs 5(a) through *601 5(g) of respondent's answer. Copies of that order were served on March 12, 1984. On May 14, 1984, pursuant to Rules 38 and 120, respondent filed his Motion For Judgment On The Pleadings. An attempt to serve that motion on petitioner together with a notice of hearing on the motion on July 23, 1984, in Portland, Oregon was futile as these documents were returned to the Court marked "NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." Petitioner did not appear at the hearing or otherwise respond to respondent's motion nor did he inform the Court of a change in his address. On this record, it is clear that respondent is entitled to judgment on the pleadings. After filing his petition and an affidavit with the Court, petitioner refused to go forward with his case. This, together with a statement contained in the affidavit to the effect that the Internal Revenue Service is a "DICTATORSHIP" shows that petitioner has raised only tax protester type arguments. Rowlee v. Commissioner,80 T.C. 1111 (1983). On this record, we find that the proceedings in this case have been instituted or maintained by petitioner primarily for delay and that his position in this case is groundless *602 and frivolous. Therefore we award damages of $2,000 to the United States pursuant section 6673. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 in effect during the taxable year in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent moved for leave to file an answer out of time pursuant to Rule 75(c) on November 23, 1983. We granted respondent's motion on December 2, 1983. ↩
3. This is an obvious typographical error in that petitioner's petition was filed on August 9, 1983.↩